## MANNELL v. LUCKENBACH S. S. CO., Inc.

District Court, W. D. Washington, N. D.
March 22, 1928.

No. 8735.

Carriers ⬥⟹57—Purchaser of bill of lading held
not entitled to recover, on ground that bill
misrepresented articles (49 USCA § 100).

Recovery cannot be had by purchaser of bill
of lading against carrier, on ground that such
bill of lading issued by defendant misrepresent-
ed articles and was relied on by plaintiff to his
damage, since plaintiff purchased property,
and not bill, and bill complied with 49 USCA §
100, in that it truly stated kind and quantity of
articles, without any description of condition.

At Law. Action by Stuart Mannell, sole
trader, doing business under the name and
style of Stuart Mannell & Co., against the
Luckenbach Steamship Company, Inc. Ver-
dict was directed for defendant, and plain-
tiff moved for new trial. New trial denied.

Riddell & Brackett, of Seattle, Wash., for
plaintiff.

Huffer, Hayden, Merritt, Summers &
Bucey, of Seattle, Wash., for defendant.

BOURQUIN, District Judge. Plaintiff
alleges he purchased a bill of lading issued
by defendant, which misrepresented the ar-
ticles, was relied upon by plaintiff, and to
his damage. From the evidence it appears
that plaintiff purchased secondhand pipe in
New York; that he relied upon the seller in
respect to condition; that for payment he
established an irrevocable agency or letter
of credit to that end in New York; that
the seller delivered the pipe in bulk to de-
fendant, and received a bill of lading for
so many "pieces of 6-inch wrought iron
pipe"; that the seller delivered the bill to
plaintiff's agent and received payment; that
in due time plaintiff received the bill in Seat-
tle through his bank, and his account was
charged with the payment made as afore-
said; and that the pipe was in poor condi-
tion and to plaintiff's substantial damage.

The proof fails. The gist of plaintiff's
case is that he is an innocent purchaser of
a deceitful bill of lading. The answer is he
purchased the pipe, and not the bill, and the
bill complies with the statute (section 100,
title 49, U. S. C.; 49 USCA § 100; Comp.
St. § 8604jj), viz. it truly states the kind
and quantity of the articles, without any
description of condition. Moreover, his
New York agent may have known all cir-
cumstances. See Austin Nichols & Co. v.
Ida De Panay, 267 U. S. 272, 45 S. Ct. 269,
69 L. Ed. 603.

For these reasons, plaintiff's pleading of
a limited custom that such a bill imports
pipe in usable condition, and offer to amend
at trial to extend it to defendant, avails him
nothing; and that, whether or not pleading
was necessary.

New trial denied.